Laura J. O'Neill, Esq.
NICOLETTI HORNIG & SWEENEY
Attorneys for Plaintiff
505 Main Street, Ste. 106
Hackensack, NJ 07601
File No.:   28000057

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------x
ORLEANS INTERNATIONAL INC.,

     Plaintiff,            14 Civ.  (  )

 -against-               **COMPLAINT**

ATLANTIC COAST FREEZERS, LLC,

     Defendant.
------------------------------------------------------------------------x

  PLAINTIFF, by and through its attorneys, NICOLETTI HORNIG & SWEENEY, alleges upon information and belief, as follows:

### IDENTIFICATION OF PARTIES (LOCAL RULE 10.1)

  1. The names and addresses of the named parties to this action are as follows:  (i) Plaintiff Orleans International Inc., 30600 Northwestern Highway, Suite 300, Farmington Hills, Michigan 48334; (ii) Defendant Atlantic Coast Freezers, LLC, 2192 NW Blvd., Vineland, New Jersey 08362.

### JURISDICTION

  2. This is a case of diversity jurisdiction under 28 U.S.C. § 1332 in that the parties are citizens of different states and the amount in dispute is in excess of $75,000, exclusive of interest and costs.

3. At and during the times hereinafter mentioned, Plaintiff Orleans International, Inc. (hereinafter "Orleans") was and now is a corporation or other business entity organized and existing under and by virtue of the laws of the State of Michigan, with an office and principal place of business at 30600 Northwestern Highway, Suite 300, Farmington Hills, Michigan 48334.

4. At and during all the times hereinafter mentioned, Defendant Atlantic Coast Freezers, LLC (hereinafter "ACF") was and now is a limited liability company organized and existing under and by virtue of the laws of the State of New Jersey, with an office and place of business at 2192 NW Blvd., Vineland, New Jersey 08362 and was and now is engaged in business as a warehouseman and/or bailee of goods and accepted, warehoused, held, and/or stored the goods at issue.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(BREACH OF BAILMENT)**

5. Plaintiff Orleans hired Defendant ACF pursuant to contract and/or other agreement or understanding to warehouse, hold, and/or store certain goods owned and/or in the possession of Orleans.

6. Pursuant thereto, in or before June, 2013, Orleans delivered, in good order and condition, a certain six lots of beef (hereinafter "the goods") to Defendant ACF at its warehouse in Vineland, New Jersey. The goods were accepted by Defendant ACF and placed in storage under its sole care, custody, and control.

7. When Orleans tendered the goods to ACF, Orleans specified that the goods must be kept refrigerated to prevent damage and/or spoilage of the goods. Specifically, Orleans required that ACF maintain the goods at 28 degrees Fahrenheit.

8. At some point, while the goods were in the sole care, custody, and control of Defendant ACF, said goods were subjected to prolonged exposure to temperatures far in excess of the 28 degrees Fahrenheit specified by Orleans.

9. As a direct consequence of the prolonged exposure to high temperatures while in the sole care, custody, and control of Defendant ACF, the goods spoiled and were ultimately rejected by Orleans' customer.

10. At the time the goods herein were spoiled and/or damaged, Defendant ACF was acting as a bailee for hire with respect to the goods.

11. As a bailee for hire with respect to the goods, Defendant ACF had a legal duty to safely keep, care for, and deliver the goods in the same good order and condition as when same were entrusted to it.

12. As a bailee for hire, Defendant ACF warranted that it would perform its services with reasonable care and in a non-negligent and workmanlike manner.

13. Defendant ACF breached its duties and obligations as a bailee for hire and negligently failed to release and/or return the goods in the same good order and condition as when same were entrusted to it.

14. By reason of the premises, Orleans has sustained damages in the sum of USD $548,252.54 as near as can now be estimated, none of which have been paid by Defendant ACF despite being duly demanded, plus attorney's fees to the extent they are provided for by the applicable law, along with interest at the legal rate. In addition to the amounts set forth herein, Orleans has incurred other costs and expenses in amounts not yet ascertained.

## AS AND FOR A SECOND CAUSE OF ACTION
### (BREACH OF CONTRACT)

15. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 13 hereof with the same force and effect as though the same were set forth herein in full and at length.

16. Defendant ACF received the goods in good order and condition and contracted and/or otherwise agreed to store the goods and deliver same in accordance with the aforementioned agreement in the same good order and condition as received.

17. Upon information and belief, Defendant ACF is engaged in the business of public warehousing and storage of various goods.

18. Defendant ACF failed to release and/or return the goods in the same good order and condition as received due to its failure to comply with the terms and agreements made with Orleans for the protection, storage, and care of the goods entrusted to the possession of Defendant ACF.

19. By reason of the premises, Orleans has sustained damages in the sum of USD $548,252.54 as near as can now be estimated, none of which have been paid by Defendant ACF despite being duly demanded, plus attorney's fees to the extent they are provided for by the applicable law, along with interest at the legal rate. In addition to the amounts set forth herein, Orleans has incurred other costs and expenses in amounts not yet ascertained.

## AS AND FOR A THIRD CAUSE OF ACTION (NEGLIGENCE)

20. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 18 hereof with the same force and effect as though the same were set forth herein in full and at length.

21. By reason of Defendant ACF's negligence in the handling, storage, warehousing, and/or care of the goods at its warehouse, the goods were exposed to high temperatures, resulting in spoilage and/or damage to the goods.

22. By reason of the foregoing, the goods were not delivered in the same good order as when the goods were entrusted to Defendant ACF.

23. By reason of the premises, Orleans has sustained damages in the sum of USD $548,252.54 as near as can now be estimated, none of which have been paid by Defendant ACF despite being duly demanded, plus attorney's fees to the extent they are provided for by the applicable law, along with interest at the legal rate. In addition to the amounts set forth herein, Orleans has incurred other costs and expenses in amounts not yet ascertained.

**WHEREFORE**, Plaintiff prays:

(a) That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

(b) That if Defendant cannot be found within this District, then all its property within this District be attached in the sum of USD $548,252.54, with interest thereon and costs, the sum sued for in this Complaint;

(c) That Judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages together with interest and costs and the disbursements of this action; and

(d) That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: Hackensack, New Jersey
      May 14, 2014

                    NICOLETTI HORNIG & SWEENEY
                    *Attorneys for Plaintiff*

By: _____
            Laura J. O'Neill
            505 Main Street, Ste. 106
            Hackensack, NJ 07601
            (201) 343-0970
            NH&S File No.: 28000057 JFS

X:\Public Word Files\28\57\LEGAL\Complaint.s.sa.docx